**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| DONCO DONEV, | Case No.: 21-07185 |
| Debtor. | Judge Janet S. Baer |

**NOTICE OF MOTION OF ASCENTIUM CAPITAL LLC FOR AN ORDER**
**AUTHORIZING THE EXAMINATION AND PRODUCTION OF DOCUMENTS**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

PLEASE TAKE NOTICE that on **January 21, 2022 at 11:00 a.m.**, I will appear telephonically before the Honorable Janet S. Baer, or any judge sitting in that judge's place, and present the *Motion of Ascentium Capital LLC for an Order Authorizing the Examination and Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion"), a copy which is attached.

**This Motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted.  To appear and be heard on the Objection, you must do the following:

**To appear by video**, use this link:  https://www.zoomgov.com/join.  Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password**.  The meeting ID for this hearing is **160 731 2971** and the passcode is **587656**.  Additional information can be found on Judge Baer's webpage on the court's website:  https://www.ilnb.uscourts.gov/content/judge-janet-s-baer.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the Motion will be called on the presentment date.  If no Notice of Objection is timely filed, the Court may grant the Motion in advance without a hearing.

13139617.2

Dated:  December 15, 2021

/s/ Eugene E. Endress
Eugene E. Endress
Hahn Loeser & Parks LLP
200 W. Madison St., Suite 2700
Chicago, IL 60606
Tel:  312-637-3000
eendress@hahnlaw.com

*Counsel for Ascentium Capital LLC*

13139617.2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice of Motion of Ascentium Capital LLC for an Order Authorizing the Examination and Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* was served on this 15th day of December 2021 via the court's Electronic Case Filing System (as to the entitles and individuals listed on the Court's Electronic Mail Notice List, as set forth below), and by transmitting the same to the U.S. Postal Service for transmission via U.S. Mail, postage prepaid (as to the entities and individuals listed on the Court's Manual Notice List, as set forth below).

## Electronic Mail Notice List

- Timothy M Hughes    thughes@lavellelaw.com, r41234@notify.bestcase.com
- Frank J Kokoszka    trustee@k-jlaw.com, fkokoszka@ecf.axosfs.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Dylan Miller    dmiller@darcydevassy.com, smccarthy@darcydevassy.com
- Shannon Noder    snoder@kdlegal.com, bhughes@kdlegal.com
- Carole G. Ruzich    carole@griffingallagher.com
- Charles R Woolley    rwoolley@askounisdarcy.com, zjohannsen@askounisdarcy.com

## Manual Notice List

Donco Donev
7921 Knottingham Circle #B
Darien, IL 60561

Toyota Motor Credit Corporation
14841 Dallas Parkway, Suite 425
Dallas, TX 75254

Dated:      December 15, 2021          */s/ Eugene E. Endress*                          
Eugene E. Endress
Hahn Loeser & Parks LLP
200 W. Madison St., Suite 2700
Chicago, IL 60606
Tel:  312-637-3000
Email:      eendress@hahnlaw.com

*Counsel for Ascentium Capital LLC*

13139617.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| DONCO DONEV, | Case No.: 21-07185 |
| Debtor. | Judge Janet S. Baer |

### MOTION OF ASCENTIUM CAPITAL LLC FOR AN ORDER AUTHORIZING THE EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Now comes creditor Ascentium Capital LLC ("Ascentium"), by and through its undersigned counsel, and hereby moves this Court for the entry of an order authorizing the examination of and production of certain documents (defined in **Exhibit A**, attached hereto) by Debtor, Donco Donev ("Debtor") pursuant to, *inter alia*, Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of its motion, Ascentium respectfully states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      On June 7, 2021, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

3.      On June 7, 2021, Mardon Trucking, Inc. ("Mardon") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4.      The Debtor is the President and sole shareholder of Mardon.

5.      Frank J. Kokoszka, 19 South LaSalle, Suite 1201, Chicago, IL 60603 has been appointed Chapter 7 Trustee in this case.

13137038.2

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as the relief requested by this motion constitutes a proceeding arising under and related to the Debtor's Chapter 7 bankruptcy proceeding which is currently pending before this Court.

## BACKGROUND

7.      On or about June 14, 2018, Ascentium, as Secured Party, and Mardon, entered into an Equipment Finance Agreement No. 2287331 (the "First Agreement") for the financing of four (4) 2019 Hyundai Translead Van Trailer vehicles with VINs 3H3V532C6KT073012, 3H3V532C7KT073018, 3H3V532C6KT258032, and 3H3V532C8KT258033.    Prior to the Petition Date, Ascentium repossessed and sold three of the vehicles but was unable to locate the vehicle with VIN 3H3V532C6KT258032 (the "First Collateral").  A true and correct copy of the First Agreement is attached hereto as **Exhibit B**.

8.      The First Collateral is described in detail in the invoice attached hereto as **Exhibit C**.

9.      Ascentium perfected its first-priority security interest against Mardon and the First Collateral by noting Ascentium as the first lienholder on the Certificate of Title for the First Collateral.  A true and correct copy of the Certificate of Title of a Vehicle for the First Collateral is attached hereto as **Exhibit D**.

10.      To induce Ascentium to enter into the First Agreement, the Debtor executed a personal Guaranty (the "First Guaranty") in which the Debtor guaranteed the full and prompt payment and performance of all of Mardon's obligations under the First Agreement.  A true and correct copy of the First Guaranty is located on the face of the First Agreement, attached hereto as **Exhibit B**.

2

11.     Beginning in or around August 2020, Mardon failed to make the monthly payments due under the First Agreement.

12.     The Debtor failed to make payments due and owing under the First Guaranty.

13.     As a result of the payment default, Ascentium is entitled to payment of not less than $40,380.07, exclusive of prejudgment interest and attorneys' fees and costs pursuant on the First Agreement.

14.     On or about October 16, 2018, Ascentium, as Secured Party, and Mardon, entered into an Equipment Finance Agreement No. 2319975 (the "Second Agreement") for the financing of three (3) 2014 Freightliner Cascadia vehicles with VINs 1FUJLD53ELFL7616, 1FUJGLD52ELFL7610, and 1FUJGLD52ELFL7669.  Prior to the Petition Date, Ascentium repossessed and sold two of the vehicles but was unable to locate 1FUJGLD52ELFL7669 (the "Second Collateral and collectively with the First Collateral, the "Collateral"). A true and correct copy of the Second Agreement is attached hereto as **Exhibit E**.

15.     The Second Collateral is described in detail in the invoice attached hereto as **Exhibit F**.

16.     Ascentium perfected its first-priority security interest against Mardon and the Second Collateral by noting Ascentium as the first lienholder on the Certificate of Title of a Vehicle for the Second Collateral.  A true and correct copy of the Certificate of Title for the Second Collateral is attached hereto as **Exhibit G**.

17.     To induce Ascentium to enter into the Second Agreement, the Debtor executed a personal Guaranty (the "Second Guaranty") in which the Debtor guaranteed the full and prompt payment and performance of all of Mardon's obligations under the Second Agreement.  A true

13137038.2

and correct copy of the Second Guaranty is located on the face of the Second Agreement, attached hereto as **Exhibit E**.

18.     Beginning in or around August 2020, Mardon failed to make the monthly payments due under the Second Agreement.

19.     The Debtor failed to make payments due and owing under the Second Guaranty.

20.     As a result of the payment default, Ascentium is entitled to payment of not less than $64,644.92, exclusive of prejudgment interest and attorneys' fees and costs pursuant on the Second Agreement.

21.     The current location of the Collateral is unknown to Ascentium.

22.     Upon information and belief, the Debtor, either directly or in his capacity as president and sole shareholder of Mardon, remains in possession of the Collateral or knows or should know of the location of the Collateral.

## ARGUMENT

23.     Prior to the bankruptcy filing, Ascentium was unable to locate the Collateral.

24.     Ascentium seeks to conduct a Rule 2004 examination of the Debtor.  Ascentium seeks discovery of certain information through the production of all documents and communications described in **Exhibit A**, and oral examination of the Debtor, which will hopefully provide information regarding the location and potential sale or disposition of the Collateral.

25.     Ascentium further seeks leave to conduct discovery of third parties that may have possession and control of the Collateral.

26.     Rule 2004 of the Federal Rules of Bankruptcy Procedure permits the examination of a debtor to discover "acts, conduct, or property or to the liabilities and financial condition of

13137038.2

the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a)(West 2021).

27.     Here, a Rule 2004 examination of the Debtor is necessary for Ascentium to determine the status and location of the Collateral and any role Debtor played in the disposition of the Collateral.

28.     Further a Rule 2004 examination of the Debtor may uncover additional avenues for recovery to the benefit of all creditors, including Ascentium.

## **RESERVATION OF RIGHTS**

29.     Ascentium reserves the right to amend, supplement, and/or otherwise modify this Motion and the documents, communication, and examination sought by way of this Motion, as necessary or appropriate.    Ascentium further reserves the right to seek documents, communications, or information from any and all third parties, and to seek additional documents and information from Debtor.

WHEREFORE, Ascentium Capital LLC respectfully requests that the Court grant an order, substantially in the form of the Proposed Order attached hereto, authorizing the examination and production of documents by the Debtor Donco Donev and third parties with information concerning the Collateral pursuant to Bankruptcy Rule 2004, and for any additional and further relief as the Court deems just and proper.

13137038.2

Dated:  December 15, 2021

/s/ Eugene E. Endress
Eugene E. Endress
Hahn Loeser & Parks LLP
200 W. Madison St., Suite 2700
Chicago, IL 60606
Tel:  312-637-3000
eendress@hahnlaw.com

*Counsel for Ascentium Capital LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion of Ascentium Capital LLC for an Order Authorizing the Examination and Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* was served on this 15th day of December 2021 via the court's Electronic Case Filing System (as to the entitles and individuals listed on the Court's Electronic Mail Notice List, as set forth below), and by transmitting the same to the U.S. Postal Service for transmission via U.S. Mail, postage prepaid (as to the entities and individuals listed on the Court's Manual Notice List, as set forth below).

## Electronic Mail Notice List

- Timothy M Hughes    thughes@lavellelaw.com, r41234@notify.bestcase.com
- Frank J Kokoszka    trustee@k-jlaw.com, fkokoszka@ecf.axosfs.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Dylan Miller    dmiller@darcydevassy.com, smccarthy@darcydevassy.com
- Shannon Noder    snoder@kdlegal.com, bhughes@kdlegal.com
- Carole G. Ruzich    carole@griffingallagher.com
- Charles R Woolley    rwoolley@askounisdarcy.com, zjohannsen@askounisdarcy.com

## Manual Notice List

Donco Donev
7921 Knottingham Circle #B
Darien, IL 60561

Toyota Motor Credit Corporation
14841 Dallas Parkway, Suite 425
Dallas, TX 75254

Dated:    December 15, 2021          */s/ Eugene E. Endress*
Eugene E. Endress
Hahn Loeser & Parks LLP
200 W. Madison St., Suite 2700
Chicago, IL 60606
Tel:  312-637-3000
Email:    eendress@hahnlaw.com

*Counsel for Ascentium Capital LLC*

7

13137038.2

# EXHIBIT A

EXHIBIT A

DEFINITIONS:

a. The "Motion" means the *Motion of Ascentium Capital LLC for an Order Authorizing the Examination and Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004*;

b. "Ascentium" means Ascentium Capital LLC;

c. "Debtor" means Donco Donev;

d. "Mardon" means Mardon Trucking Inc.;

e. "Petition Date" means June 7, 2021;

f. "First Agreement" means Equipment Finance Agreement No. 2287331 dated on or about June 14, 2018;

g. "Second Agreement" means Equipment Finance Agreement No. 2319975 dated on or about October 16, 2018;

h. "First Collateral" shall mean the vehicle with VIN 3H3V532C6KT258032;

i. "Second Collateral" shall mean the vehicle with VIN 1FUJGLD52ELFL7669;

j. Except as otherwise noted herein, Ascentium requests the production of all Documents created or modified within the period commencing two years prior to the Petition Date, through the date of the Motion (the "Relevant Period");

k. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether oral, written, or recorded. The term "communication" includes, but is not limited to, all statements, representations, expressions of fact or opinion, correspondence, reports, memoranda, e-mail, telephone conversations, voice mail messages, facsimile transmissions and other transmissions of information, made in any manner whatsoever;

l. "Computer" means any programmable machine, including, but not limited to, network servers, desktops, laptops, notebook computers, home computers, mainframes, and smart phones;

m. "Data" means any distinct piece of information formatted in a special way for reading, storage, or access on a computer;

n. "Electronically stored information" and "ESI" mean any electronically stored Data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any electronic files saved as a backup; any "deleted" but recoverable electronic files on said media; any electronic file

fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

o.  "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure to include, without limitation, the original and all copies of written, electronic, printed, recorded, or graphic matter or sound reproduction, however produced or reproduced, of any kind, including, without limitation, the original and all copies of correspondence, letters, telexes, facsimiles, cables, summaries, reports and records of telephone and personal conversations, investigations, meetings, conferences, and interviews, other records, memoranda, notes, reports, studies, analyses, calculations, computer input sheets and printouts, messages (including, without limitation, electronic mail or "email"), minutes, charts, graphs, tapes, discs, data sheets, specifications, schedules, tables, books, account vouchers, bills, statements, purchase orders, journals, ledgers, balance sheets, income and other financial statements, contracts, agreements, orders, and/or other information, communication or records. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and/or superseded drafts) are different documents within the meaning of the term as used herein;

p.  The term "person" or "persons" means a natural person, firm, proprietorship, association, partnership, corporate entity, joint venture, governmental body, or any other type of organization or entity;

q.  The term "individual" refers to any natural person;

r.  The term "related to" and "relating to" shall mean and include concerning, referring to, regarding, describing, evidencing, or construing;

s.  The term "relative" means any person related to Debtor by blood, marriage, adoption, former marriage, or otherwise;

t.  Each of these definitions shall be fully applicable to each request.  Notwithstanding, such definition may, in full or in part, be reiterated in a particular request or a particular request may incorporate supplemental instructions or definitions;

u.  In order to bring within the scope of these requests any and all conceivably relevant matters or documents which might otherwise be construed to be outside the scope;

v.  The singular of each word shall be construed to include its plural and vice versa;

w.  "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

x.  "Each" shall be construed to include "every" and vice versa;

y.  "Any" shall be construed to include "all" and vice versa;

z.   The present tense shall be construed to include the past tense and vice versa; and

aa.  The masculine shall be construed to include the feminine and vice versa.

**DOCUMENTS TO BE PRODUCED**:

Bring with you any and all of the following items in your possession, which existed or were generated, prepared, received, or obtained during the Relevant Period, unless otherwise indicated. This Request shall be continuing in nature, and any items not so produced which may subsequently come into existence are further requested.

1. All Documents relating to a sale or other disposition of the First Collateral.

2. All Documents relating to a sale or other disposition of the Second Collateral.

3. All Communications relating to the First Agreement.

4. All Communications relating to the Second Agreement.

5. All Communications relating to a sale or other disposition of the First Collateral.

6. All Communications relating to a sale or other disposition of the Second Collateral.

7. All Documents and Communications evidencing the current location of the First Collateral or Second Collateral and/or any other person or entity in possession, custody or control of the First Collateral or Second Collateral.

8. All Documents and Communications relating to the possession, custody or control of any proceeds from the sale or other disposition of the First Collateral or Second Collateral.

# EXHIBIT B

**ascentium** CAPITAL

# EQUIPMENT FINANCE AGREEMENT
## Agreement No. 2287331

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

FILED DATE: 10/6/2021 4:32 PM   2021L009892

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| MARDON TRUCKING INC. | 6325 JOLIET RD COUNTRYSIDE IL 60525 | 60 |

**PAYMENT SCHEDULE: 60 @ $2,418.53**

**COLLATERAL:** Items of personal property are generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** 2019 HYUNDAI TRANSLEAD VAN TRAILER, 2019 HYUNDAI TRANSLEAD VAN TRAILER, 2019 HYUNDAI TRANSLEAD VAN TRAILER, 2019 HYUNDAI TRANSLEAD VAN TRAILER, SALES TAX AND FEES

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different than that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA.

**Disclaimer of Warranties and Claims.** We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. **This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason.** You acknowledge you selected the Collateral and the supplier and your supplier is not our agent nor are we their agent. You will use the Collateral for commercial purposes only and in compliance with law.

**Collateral.** You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA, or (iv) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral, you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral, (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conviens and waive any right to a jury trial. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You will not assign your rights under this EFA, or permit the Collateral to be used by anyone other than you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in writing signed by both parties. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA (whether delivered by facsimile, in portable document format (PDF) or otherwise) shall be deemed an original for all purposes. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice.

By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the supplier on behalf of the Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | MARDON TRUCKING INC. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | | By: | Bryan S. Wheeler |
| Printed Name and Title: | DONCO DONEV, President | Printed Name and Title: | Bryan Wheeler, Senior Vice President |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our consent. The governing law and venue provisions of the EFA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor Signature: | | Printed Name: | DONCO DONEV |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | First Merchants Bank | Acct Holder Name: | |
|---|---|---|---|
| Account No: | ███████7717 | ABA No: | ███████0657 |
| Authorized Signature: | | Printed Name and Title: | |

1401-20161202

FILED DATE: 10/6/2021 4:32 PM   2021L009892


CAPITAL

**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

## Agreement No. 2287331

**KNOW ALL MEN BY THESE PRESENTS:**
That the undersigned <u>MARDON TRUCKING INC.</u> being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| Manufacturer: | HYUNDAI TRANSLEAD |
| Model: | VI2530152-AJS |
| Model Year: | 2019 |
| Type: | TITL - Over The Road (CL8) Long Haul |
| VIN or Serial Number: | 3H3V532C6KT073012 |

does hereby irrevocably constitute and appoint <u>Ascentium Capital LLC</u>, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle. The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.
IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this 14 day of June, 2018

Signed:
Printed Name:   DONCO DONEV
Title:   President

03-21-73
(Date of birth)

(Drivers license number)

Subscribed and sworn to before me this 14ᵗʰ day of June, 2018

(Notary Public)

OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

(Affix notary seal below)

Notary Public of the State of: IL

My Commission Expires: 9/29/18

541-20150217



**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2287331**

I, <u>MARDON TRUCKING INC.,</u> hereby name and appoint
 (Name of Purchaser)

An Agent of <u>Decision Dynamics, Inc. and/or Wolters Kluwer Lien Solutions</u> to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.
With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:** 2019
**Vehicle Make:** HYUNDAI TRANSLEAD
**Vehicle Identification Number:** 3H3V532C6KT073012

DONCO DONEV  (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this _____ day of _____, 20 18

(Signature of Notary)

(Seal)

OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

FILED DATE: 10/6/2021 4:32 PM   2021L009892

551-20180116



**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2287331**

**KNOW ALL MEN BY THESE PRESENTS:**

That the undersigned <u>MARDON TRUCKING INC.</u> being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| Manufacturer: | HYUNDAI TRANSLEAD |
| Model: | VI2530152-AJS |
| Model Year: | 2019 |
| Type: | TITL - Over The Road (CL8) Local Haul |
| VIN or Serial Number: | 3H3V532C7KT073018 |

does hereby irrevocably constitute and appoint <u>Ascentium Capital LLC</u>, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle. The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.

IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this 14 day of June, 20 18

Signed:
Printed Name: DONCO DONEV
Title: President

03-21-73
(Date of birth)

(Drivers license number)

Subscribed and sworn to before me this 14 day of June, 20 18

(Notary Public)

OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

Notary Public of the State of: IL

My Commission Expires: 9/29/18

(Affix notary seal below)

FILED DATE: 10/6/2021 4:32 PM   2021L009892

541.20160217

FILED DATE: 10/6/2021 4:32 PM    2021L009892



**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2287331**

I, <u>MARDON TRUCKING INC.,</u> hereby name and appoint
(Name of Purchaser)

An Agent of **Decision Dynamics, Inc. and/or Wolters Kluwer Lien Solutions** to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.

With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:** 2019
**Vehicle Make:** HYUNDAI TRANSLEAD
**Vehicle Identification Number:** 3H3V532C7KT073018

_____
DONCO DONEV  (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this ___16th___ day of ___June___, 20 _8_.

_____
(Signature of Notary)

(Seal)

OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

551-20180116



**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2287331**

**KNOW ALL MEN BY THESE PRESENTS:**
That the undersigned <u>MARDON TRUCKING INC.</u> being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| Manufacturer: | HUNDAI TRANSLEAD |
| Model: | VC253052-AJS |
| Model Year: | 2019 |
| Type: | TITL - Over The Road (CL8) Local Haul |
| VIN or Serial Number: | 3H3V532C8KT258032 |

does hereby irrevocably constitute and appoint <u>Ascentium Capital LLC</u>, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle.  The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.

IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this 14 day of June, 20_.

Signed: _____
Printed Name: DONCO DONEV
Title: President

03-21-'73
(Date of birth)

_____
(Drivers license number)

Subscribed and sworn to before me this 14th day of June, 2018

_____
(Notary Public)

OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

Notary Public of the State of: IL

My Commission Expires: 9/29/18

(Affix notary seal below)

541-20160217

FILED DATE: 10/6/2021 4:32 PM    2021L009892



FILED DATE: 10/6/2021 4:32 PM   2021L009892



**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2287331**

I, <u>MARDON TRUCKING INC.,</u> hereby name and appoint
  (Name of Purchaser)

An Agent of <u>Decision Dynamics, Inc. and/or Wolters Kluwer Lien Solutions</u> to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.
With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:** 2019
**Vehicle Make:** HUNDAI TRANSLEAD
**Vehicle Identification Number:** 3H3V532C6KT258032

DONCO DONEV (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this __14th__ day of __June__, 2018

(Signature of Notary)

(Seal)
OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

551-20180116

**ascentium** CAPITAL

**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2287331**

**KNOW ALL MEN BY THESE PRESENTS:**
That the undersigned MARDON TRUCKING INC. being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| Manufacturer: | HYUNDAI TRANSLEAD |
| Model: | VC2530152-AJS |
| Model Year: | 2019 |
| Type: | TITL - Over The Road (CL8) Local Haul |
| VIN or Serial Number: | 3H3V532C8KT258033 |

does hereby irrevocably constitute and appoint Ascentium Capital LLC, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle. The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.
IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this 14 day of June, 20 18.

Signed:
Printed Name: DONOO DONEV
Title: President

03-21-'73
(Date of birth)

(Drivers license number)

Subscribed and sworn to before me this 14th day of June, 20 18

(Notary Public)

OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

Notary Public of the State of: IL

My Commission Expires: 9/29/18

(Affix notary seal below)

541.20160217

FILED DATE: 10/6/2021 4:32 PM   2021L009892

FILED DATE: 10/6/2021 4:32 PM    2021L009892

**ascentium** CAPITAL

**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2287331**

I, <u>MARDON TRUCKING INC.,</u> hereby name and appoint
(Name of Purchaser)

An Agent of **Decision Dynamics, Inc. and/or Wolters Kluwer Lien Solutions** to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.

With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:**  2019
**Vehicle Make:**  HYUNDAI TRANSLEAD
**Vehicle Identification Number:**  3H3V532C8KT258033

DONGO DONEV  (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this ___14th___ day of __June__, 20_18_.

(Signature of Notary)

(Seal)

OFFICIAL SEAL
BOGUMILA I SHTILTZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/18

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

551-20180116



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2287331

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Mardon Trucking Inc.,  having offices located at 6325 JOLIET RD STE 200  , COUNTRYSIDE, IL 605253991 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and

WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1. Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
   a. Beginning 4/10/10, 3 payments of $19.00
   b. Beginning 7/10/20 , 39 payments of $2,418.53, due on or before the due date each month;

2. Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect.  In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled.  You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Mardon Trucking Inc. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | | By: | |
| Printed Name: | DONCO DONEV | Printed Name: | Dan Bocash |
| Title: | PRESIDENT | Title: | SVP-Client Relations |

FILED DATE: 10/6/2021 4:32 PM   2021L009892

# EXHIBIT C

FILED DATE: 10/6/2021 4:32 PM    2021L009892



# INVOICE

| | | | | | |
|---|---|---|---|---|---|
| **BILL TO:** | Mardon Trucking Inc<br>6325 Joliet Rd, Suite 200<br>Countryside, IL 60525 | | **SHIP TO:** | Hyundai Translead<br>545 E. South Frontage Road<br>Bolingbrook, IL 60440 | |

| P.O. NO. | DATE INVOICED | INVOICE NO. | TERMS OF PAYMENT | | DUE DATE |
|---|---|---|---|---|---|
| HT Stock | 6/12/2018 | KT13075-J | Wire/Check | | 7/3/2018 |
| **QUANTITY** | **DESCRIPTION** | | **UNIT PRICE** | | **TOTAL PRICE** |

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL PRICE |
|---|---|---|---|
| 2 | Material # 30013075<br>53' HT HyCube<br>V/H 53SW Q019771 HT Stock - Chicago 01/18<br>Tire: 295/75R22.5 Hankook TL21(G) | Unit Price: $24,582.36<br>FET: $2,747.64<br>Deliv. I: $150.00<br>Deliv. II: $250.00 | $49,164.71<br>$5,495.29<br>$300.00<br>$500.00 |
| | **Invoice Amount:** | Grand Total: $27,730.00 | $55,460.00 |

*All Payments made directly to Hyundai, should be sent to the attention of A/R Dept. & include Invoice # when making payments.

****For all wire transfers:**
Beneficiary Name: Hyundai Translead
Bank Name: Bank Of America
A/C No.: ██████606
ABA No.: ████████3(Wire)████████358(ACH)
Address: 100 West 33rd Street
New York, NY 10001

*****For Check Payment**
Overnight: Bank of America Lockbox Services
        Lockbox 409472
        6000 Feldwood Road
        College Park, GA 30349

**VIN:**
3H3V532C6KT073012
3H3V532C7KT073018

Make: Hyundai Translead
Model: 2019 HT HyCube

The Customer agrees to purchase the above equipment from Hyundai Translead at the prices set forth herein. The parties understand and agree that this invoice shall be completed with full VIN numbers once available, and the customer will take possession of all equipment within 21 days of delivery to Hyundai Translead.

X. *James A. Tratnik*

James Tratnik - GM, Hyundai Translead

X. _____

Donco Donev - President, Mardon Trucking Inc



# INVOICE

**BILL TO:**  Mardon Trucking Inc
6325 Joliet Rd, Suite 200
Countryside, IL 60525

**SHIP TO:**  Hyundai Translead
545 E. South Frontage Road
Bolingbrook, IL 60440

| P.O. NO. | DATE INVOICED | INVOICE NO. | TERMS OF PAYMENT | DUE DATE |
|---|---|---|---|---|
| HT Stock | 6/12/2018 | KT13283-Q | Wire/Check | 7/3/2018 |
| QUANTITY | DESCRIPTION | | UNIT PRICE | TOTAL PRICE |
| 2 | Material # 30013283<br>53' HT Composite<br>V/H 53SW Q020282 HT Stock - Chicago 02/18<br>Tire: 295/75R22.5 Hankook TL21(G) | | Unit Price:  $23,792.18<br>FET:  $2,652.82<br>Deliv. I:  $150.00<br>Deliv. II:  $250.00 | $47,584.36<br>$5,305.64<br>$300.00<br>$500.00 |
| | Invoice Amount: | | Grand Total:  $26,845.00 | $53,690.00 |

*All Payments made directly to Hyundai, should
be sent to the attention of A/R Dept. & include
invoice # when making payments.

****For all wire transfers:
Beneficiary Name:  Hyundai Translead
Bank Name:  Bank Of America
A/C No.: ███ 308
ABA No.: ████93(Wires)█████358(ACH)
Address: 100 West 33rd Street
New York, NY 10001

*****For Check Payment
Overnight: Bank of America Lockbox Services
Lockbox 409472
6000 Feldwood Road
College Park, GA 30349

**VIN:**
3H3V532C8KT258032
3H3V532C8KT258033

Make: Hyundai Translead
Model: 2019 HT Composite

The Customer agrees to purchase the above equipment from Hyundai
Translead ("Seller") at the prices set forth herein and on the terms and
conditions stated in the Master Purchase Agreement ("Agreement"). The
parties hereby reaffirm all terms and conditions of the Agreement, except
to the extent, if any, modified hereby. The parties understand and agree
that this invoice shall be attached to the Agreement and incorporated into
the Agreement by reference.

X. _James A. Tratnik_

James Tratnik - GM, Hyundai Translead

X. _(signature)_

Donco Donev - President, Mardon Trucking Inc

FILED DATE: 10/6/2021 4:32 PM    2021L009892

# EXHIBIT D

FILED DATE: 10/6/2021 4:32 PM    2021L009892

# STATE OF ILLINOIS
## CERTIFICATE OF TITLE OF A VEHICLE

| | | | |
|---|---|---|---|
| | MODEL | BODY STYLE | TITLE NO. |
| | | TRAILER | 18193693889 |

VEHICLE IDENTIFICATION NO.
3H3V532C6KT258032

YEAR 2019   MAKE HYUNDAI TRLRS   MODEL HT COMPOSITE

3H3V532C6KT258032

DATE ISSUED   ODOMETER   CCM   MOBILE HOME SQ. FT.   PURCHASED 06/19/18   TYPE TITLE ORIGINAL
07/12/18   NEW

LEGEND(S)

MILEAGE NOT REQUIRED

MAILING ADDRESS

ASCENTIUM CAPITAL LLC
23970 HIGHWAY 59 N
KINGWOOD TX 77339-1535


2287381

OWNER(S) NAME AND ADDRESS
MARDON TRUCKING INC
6325 JOLIET RD
COUNTRYSIDE IL 60525

FIRST LIENHOLDER NAME AND ADDRESS
ASCENTIUM CAPITAL LLC
23970 HIGHWAY 59 N
KINGWOOD TX 77339-1535

SECOND LIENHOLDER NAME AND ADDRESS

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name ___ By ___ Signature of Authorized Agent ___ Date ___

Firm Name ___ By ___ Signature of Authorized Agent ___ Date ___

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.
Secured Party ___ Address ___

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

## ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
   WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

▶ ODOMETER READING   NO TENTHS
Signature(s) of Seller(s) ___

Printed Name(s) of Seller(s) ___   DATE OF SALE ___
I am aware of the above odometer certification made by seller.
Signature(s) of Buyer(s) ___   Printed Name ___

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.


Q2747863

*Jesse White*

JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

FIRST REASSIGNMENT
DEALER ONLY

ownership ... complete or providing a false statement may result in fines and/or im...
...vehicle described in this ... of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Street    City    State

Dealer's Name    Dealer No.

Agent's Signature
I am aware of the above odometer certification made by the seller/agent.

Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Street    City    State

Dealer's Name    Dealer No.

Agent's Signature
I am aware of the above odometer certification made by the seller/agent.

Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Street    City    State    Zip

Dealer's Name    Dealer No.

Agent's Signature
I am aware of the above odometer certification made by the seller/agent.

Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Street    City    State    Zip

Dealer's Name    Dealer No.

Agent's Signature
I am aware of the above odometer certification made by the seller/agent.

Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Street    City    State    Zip

Dealer's Name    Dealer No.

# EXHIBIT E



# EQUIPMENT FINANCE AGREEMENT
## No. 2319975

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR: | ADDRESS | TERM: |
|---|---|---|
| MARDON TRUCKING INC. | 6325 JOLIET RD COUNTRYSIDE, IL 60525 | 48 |

**PAYMENT SCHEDULE:** 48 @ $2,347.89

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC ("Secured Party") and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** 2014 FREIGHTLINER CASCADIA, 2014 FREIGHTLINER CASCADIA, 2014 FREIGHTLINER CASCADIA, FEES

**1. Definitions:** The words "you" and "your" refer to the DEBTOR, its successors and permitted assigns, as shown above. The words "we", "us" and "our" refer to the SECURED PARTY, its successors and assigns.

**2. Acceptance; Representations & Warranties:** We agree to lend to you, and you agree to borrow from us, an amount for the financing of the Collateral. This Equipment Finance Agreement (this "Agreement") has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing, collectively, the "Term". The Interim Term starts on the date of the funding of the loan evidenced by this Agreement. The Initial Term starts on the billing date specified by us in our sole discretion (the "Commencement Date"). We shall have no obligations under this Agreement whatsoever until we accept and sign this Agreement at our office and the satisfaction in our sole discretion of all conditions we may specify including our receipt of all documents we specify. You represent and warrant to us that all information conveyed to us in connection with this Agreement and all related documents whether by you, a guarantor, the supplier or any other person, is true, accurate, complete and not misleading. If you are an entity, the person executing this Agreement on your behalf represents to us that they are authorized to do so, making this Agreement the valid and binding act of the entity.

**3. Security Interest:** You hereby grant to us a security interest under the Uniform Commercial Code ("UCC") in the Collateral and all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing. Such security interest is granted to secure payment and performance by you of your obligations hereunder. All amounts received from you under this Agreement shall be applied towards your obligations to us as we determine.

**4. Payments:** You promise to pay us the number of payments shown above, each in the amount shown above, commencing on the Commencement Date and continuing on the same day of each month thereafter during the Initial Term (each a "Payment", and each day a Payment is due hereunder, a "Payment Date"), without need of an invoice, together with all other amounts due from time to time by you hereunder. The total initial payment shall be paid upon your execution of this Agreement. If the contemplated transaction is not consummated, the total initial payment may be retained by us as partial compensation for costs and expenses incurred by us in preparation for the transaction. The amount of each Payment is based upon the total estimated cost of the Collateral, or the portion thereof being purchased with the proceeds of the loan evidenced hereby, you have provided to us and which is set forth above. If the final cost of the Collateral (or the portion being purchased) we pay the supplier is higher or lower than that estimate, we will adjust the amount of each Payment proportionately higher or lower than the Payment amount specified above. You also agree to pay, when invoiced, an amount equal to 1/30th of the Payment amount for each day from and including the date we fund the loan evidenced by this Agreement, to but excluding the first Payment Date. Following the first Payment Date, the Term shall continue without interruption for the number of months indicated above. YOUR OBLIGATION TO MAKE PAYMENTS AND PAY OTHER AMOUNTS DUE HEREUNDER IS ABSOLUTE AND UNCONDITIONAL, AND NOT SUBJECT TO ABATEMENT, REDUCTION OR SET-OFF FOR ANY REASON WHATSOEVER. THIS IS A NON-CANCELABLE AGREEMENT; THIS AGREEMENT, THE TERMS OF WHICH HAVE BEEN FREELY NEGOTIATED BY EACH PARTY, IS ALSO SUBJECT TO THE TERMS AND CONDITIONS ON THE FOLLOWING PAGE WHICH IS MADE PART HEREOF AND WHICH DEBTOR AND SECURED PARTY ACKNOWLEDGE THEY HAVE READ AND ACCEPTED.

**5. DISCLAIMER OF WARRANTIES AND CLAIMS; LIMITATION OF REMEDIES:** THERE ARE NO WARRANTIES BY OR ON BEHALF OF SECURED PARTY AND NEITHER THE SUPPLIER NOR ANY OTHER PARTY IS SECURED PARTY'S AGENT. DEBTOR ACKNOWLEDGES AND AGREES: (A) SECURED PARTY MAKES NO WARRANTIES WHETHER EXPRESS OR IMPLIED AS TO THE CONDITION OF THE COLLATERAL, ITS MERCHANTABILITY, ITS FITNESS FOR ANY PARTICULAR PURPOSE; (B) DEBTOR ACCEPTS THE COLLATERAL "AS IS" AND WITH ALL FAULTS; (C) DEBTOR AGREES THAT THE COLLATERAL WILL BE USED SOLELY FOR COMMERCIAL OR BUSINESS PURPOSES; (D) IF THE COLLATERAL IS UNSATISFACTORY FOR ANY REASON DEBTOR'S ONLY REMEDY, IF ANY, SHALL BE AGAINST THE SUPPLIER OR MANUFACTURER OF THE COLLATERAL AND NOT AGAINST SECURED PARTY; (E) DEBTOR SHALL HAVE NO REMEDY FOR CONSEQUENTIAL, INCIDENTAL, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST SECURED PARTY, ALL OF THE SAME BEING DISCLAIMED AND WAIVED; AND (F) NO DEFECT, DAMAGE OR UNFITNESS OF THE COLLATERAL SHALL RELIEVE DEBTOR OF THE OBLIGATION TO MAKE PAYMENTS OR RELIEVE DEBTOR OF ANY OTHER OBLIGATION UNDER THIS AGREEMENT.

**6. Location; Maintenance; Installation; Insurance:** You agree to maintain records showing the location of each item of Collateral. You shall report each location to us upon our request and shall not change the location of the Collateral without our advance written consent. You are responsible for installing and keeping the Collateral in good working order. You shall not make any alterations, additions or improvements to the Collateral which detracts from its economic value or functional utility. If the Collateral is damaged or lost, you agree to continue making scheduled Payments unless we have received the Casualty Value pursuant to Section 11. You agree to keep the Collateral insured against loss during the Term and to have us named as loss payee n such coverage amounts as we may specify from time to time, from anyone who is acceptable to us. You agree to provide us with a certificate of insurance acceptable to us upon our request and if at any time you fail to deliver to us a valid certificate of insurance reflecting such insurance as being in effect, then we will have the right, but no obligation, to have such insurance protecting us placed for the Term at your expense; and if so placed, we will add to the Payments and you will pay us our costs of obtaining such insurance and any customary charges or fees of ours.

**7. Taxes and Fees; Indemnification:** You agree to pay when due and to indemnify and hold us harmless from all taxes, fees, fines, interest and penalties, including, without limitation, personal property or documentary stamp taxes, ("Taxes") relating to the use or ownership of the Collateral or to this Agreement now or hereafter imposed, levied or assessed by any taxing authority. We may in our sole discretion, elect to pay any such Taxes directly to a taxing authority and if so you agree to reimburse us on our demand for any such Taxes paid on your behalf together with any filing or processing fee charged by us. If any taxing authority requires any Taxes to be paid in advance, and we pay such Taxes, we may increase the cost of the Collateral we are financing by such amount as described in Section 4 above thereby increasing the amount of each Payment to reflect the payment of such Taxes. You also agree to pay us and reimburse us for all costs and expenses in documenting and servicing this Agreement. You agree to indemnify and hold us harmless from any suits, claims, losses or damages we suffer in any way relating to the use or ownership of the Collateral. Your obligations under this Section 7 shall survive the expiration or earlier termination of this Agreement. You agree to pay us fees in an amount in effect from time to time in connection with the documentation of the Agreement and any site inspection or lien search we deem necessary. You agree that all such fees and any insurance we obtain pursuant to the last sentence of Section 6 may not only cover our costs they may also include a profit.

**8. Personal Property:** The Collateral will be and shall remain personal property and, if requested by us, you will obtain real property waivers satisfactory to us. You shall keep the Collateral free from any and all liens and encumbrances other than those in our favor. You shall give us immediate notice of any attachment or other judicial process, liens or encumbrances affecting the Collateral. You hereby irrevocably authorize us and appoint us as your attorney-in-fact with the power to execute and to file this Agreement and any financing statement(s) or security agreement(s) with respect to the Collateral. If your signature on any financing statement or similar document is required by law, you shall execute such supplemental instruments and financing statements we deem to be necessary and advisable and shall otherwise cooperate to defend and perfect our interest in the Collateral by filing or otherwise. You also agree to pay us on demand filing and registration fees prescribed by the UCC or other law. Any Collateral that is subject to title or registration laws shall be titled and registered as directed by us.

**9. Default; Remedies; Late Charges:** If any one of the following events occur with respect to you or any Guarantor, you will be in default: (i) you fail to pay any Payment or other amount due under this Agreement, when due, (ii) you breach or fail to perform any of your other covenants and promises under this Agreement, (iii) you become insolvent, any action under the United States Bankruptcy Code is filed by or against you, make an assignment for the benefit of creditors, admit your inability to pay your debts as they become due, or if you terminate your entity existence or take any actions regarding the cessation or winding up of your business affairs. If you are in default, at our election, we can accelerate and require that you pay, as reasonable liquidated damages for loss of bargain, the "Accelerated Balance". The Accelerated Balance will be equal to the total of: (i) accrued and unpaid amounts then due under this Agreement, and (ii) the remaining Payments discounted to their then present value at 3% per annum. We can also pursue any of the remedies available to us under the UCC or any other law. In the event we seek to take possession of any part of the Collateral, you irrevocably waive to the fullest extent permitted by law any bonds, surety or security required by statute, court rule or otherwise as an incident of such possession. You agree to pay our reasonable attorneys' fees and actual costs incurred by us in enforcing our rights hereunder including repossession, storage, refurbishment and sale of the Collateral and collection costs, and all non-sufficient funds charges and similar charges. If any part of a payment is late, you agree to pay us upon our demand the following, or if less, the maximum amount allowed under applicable law: (x) a late charge equal to the greater of 10% of the payment or $25.00, (y) a charge of $30.00 for each check returned for any reason or if any ACH debit charge is not honored and (z) if we have had to perform collection activities in connection with such late payment, our specified collection charges then in affect. The foregoing will not be construed as interest but as reimbursement to us to cover administrative and overhead expenses related to the processing and collection of the late payment.

FILED DATE: 10/6/2021 4:32 PM   2021L009892

FILED DATE: 10/6/2021 4:32 PM   2021L009892

10. **Assignment: Inspection:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN, LEASE OR ENCUMBER THE COLLATERAL OR THIS AGREEMENT. We may sell, transfer, assign or encumber this Agreement, in whole or in part, without notice to you or your consent. You agree that if we sell, transfer, assign or encumber this Agreement, the assignee will have the rights and benefits that we assign to the assignee and will not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set-offs that you may have against us. We and our agents and representatives shall have the right at any time during regular business hours to inspect the Collateral and for that purpose to have access to the location of the Collateral.

11. **Risk of Loss:** You assume and shall bear the entire risk of loss, theft, damage and destruction of the Collateral from any cause whatsoever, and no loss, theft, damage or destruction of the Collateral shall relieve you of the obligation to make Payments or any other obligation under this Agreement. You shall promptly notify us in writing of such loss, theft, damage or destruction. If damage of any kind occurs to any item of Collateral, you, at our option, shall at your expense (a) place the Collateral in good repair, condition or working order, or (b) if the Collateral cannot be repaired or is lost, stolen or suffers a constructive loss under an insurance policy covering the Collateral, pay to us the "Casualty Value." The Casualty Value will be equal to the total of (i) accrued and unpaid amounts then due and owing, and (ii) the remaining Payments discounted to present value at 3%, in both cases as of the date the Casualty Value is received by us.

12. **Choice of Law; Waiver of Jury Trial:** Subject to the following sentence, this Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California. If any amount contracted for, charged or received in connection with this Agreement constitutes interest or regulated time-price differential governed by, not exempt from, and in excess of amounts lawfully permitted, under California law (the "Subject Amount"), then (i) if the law of state in which Debtor resides (as indicated in Debtor's address above; the "Debtor's State") would permit the lawful contracting for, charging or receipt of any part of the Subject Amount, then the parties agree that the law of Debtor's State shall govern as to the contracting for, charging and receipt of such interest or regulated time-price differential and (ii) if clause (i) preceding is not applicable, Secured Party shall make any necessary adjustments so as to eliminate such excess. Debtor agrees to provide Secured Party advance written notice and an opportunity to cure pursuant to the preceding sentence any contract, charge or receipt claimed by Debtor to be unlawful; and Secured Party may calculate maximum lawful amounts by amortizing, prorating, allocating reallocating, discounting, treating months as equal intervals, and spreading in each case to the fullest extent permitted by applicable law. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action or proceeding relating to this Agreement, YOU WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH ACTION OR PROCEEDING, AND YOU WAIVE ANY RIGHT TO ASSERT THIS IS AN INCONVENIENT FORUM.

13. **Miscellaneous:** During the Term, you agree to provide us with all financial statements and copies of tax returns we may request. If we supply you with labels, you shall label any and all Collateral and shall keep the same affixed in a prominent place. If any provision hereof or any remedy herein provided is found to be invalid under any applicable law, the remaining provisions hereof, shall be given effect in accordance with the manifest intent hereof. The parties agree that each Payment includes interest. You agree that a waiver of breach will not be a waiver of any other subsequent breach, and that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. YOU AGREE THAT WE WILL NOT BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. Section headings are for convenience and are not a part of this Agreement. You agree that by providing us with an email address or telephone number for a cellular or other wireless device, you expressly consent to receiving communications including email, voice and text messages from us or our affiliates or assigns at that email address or telephone number, and this express consent applies to each such email address or telephone number that you provide to us now or in the future and permits such communications regardless of their purpose. These calls and messages may incur access fees from your internet or wireless provider. You agree that the original of this Agreement may be electronically duplicated and a copy hereof may be introduced in lieu of the original executed copy for all further foundation. The parties hereto expressly waive the secondary evidence rule. You agree that this Agreement will be binding upon your successors, permitted assigns, heirs and legal representatives. You authorize us to complete any blank in this instrument or in any document executed or delivered in connection herewith that contemplates a date by inserting a date deemed appropriate by us. Time is of the essence with respect to your obligations hereunder. No term or provision of this Agreement may be amended, altered, waived or discharged except by a written instrument signed by both parties to this Agreement. Any formal notice given pursuant to this Agreement shall be deemed given 2 business days after being placed with the U.S. Postal Service, postage prepaid, addressed to the Debtor at its address set forth above, or to Secured Party at 23970 Hwy 59 N, Kingwood, TX 77339-1535, or such other address as a party may designate by written notice to the other. If Debtor constitutes more than one person, you agree that the liability of each such person hereunder is joint and several. Any restrictive endorsement on any check you give us in payment of any amount due hereunder shall be void. You may not prepay this Agreement without our prior written consent. A facsimile or other copy of this Agreement, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. All amounts payable hereunder by you if not paid when due shall accrue interest at a rate of interest of 1.5% per month or the highest rate allowed by applicable law if less, from the due date thereof until received by us in cash and shall be payable on demand. This Agreement may be executed in separate counterparts which together shall constitute one and the same instrument. You agree this Agreement may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law.

By signing below Debtor hereby irrevocably accepts the Collateral under this Agreement and irrevocably authorizes Secured Party to pay the supplier on behalf of the Debtor. The person executing this Agreement is authorized to do so, making this Agreement the valid and binding act of the Debtor.

| Debtor Name: | MARDON TRUCKING INC. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | | By: | |
| Printed Name and Title: | DONCO DONEV, President | Printed Name and Title: | Bryan C. Wheeler, Senior Vice President |

**GUARANTY:** The undersigned ("you", "your", jointly and severally if more than one) unconditionally guarantees to Secured Party and its assigns the prompt payment and performance when due of all of the obligations of the Debtor under the Agreement and all related documents executed by the Debtor in connection with it (collectively with the Agreement, the "Agreements"). We shall not be obligated to proceed against the Debtor, the property being financed under the Agreements or enforce any other remedy before proceeding against you to enforce this Guaranty. Notwithstanding any changes made to the Agreements in the course of our dealings with the Debtor, this Guaranty will remain in effect with respect to the Agreements as so changed even if you are not notified of the changes and will remain in effect even if the Agreements or any of them are no longer enforceable against the Debtor. You waive all presentments, demand for performance, notices of protest, notices of dishonor, notices of acceptance of this Guaranty and all other notices to which you may have a right. You agree to pay us all the expenses incurred by us in enforcing this Guaranty. You may not assign this Guaranty without our written consent. This Guaranty shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action to enforce this Guaranty and you waive any right to assert this is an inconvenient forum. You consent to us conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others. This Guaranty may be executed in separate counterparts which together shall constitute one and the same instrument.

| Guarantor Signature: | | Printed Name: | DONCO DONEV |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Secured Party or Secured Party's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the Agreement. This Authorization is to remain in effect during the Term of the Agreement and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to us, by either a credit or debit to Debtor's account.

| Bank Name: | FIRST MERCHANTS BANK | Account Holder Name: | DONCO DONEV |
|---|---|---|---|
| Account No: | ▓▓▓▓7717 | ABA No.: | ▓▓▓▓0657 |
| Authorized Signature: | | Printed Name and Title: | DONCO DONEV   PRESIDENT |



**AUTHORIZATION TO PERFORM VERBAL VERIFICATION**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2319975**

The undersigned hereby authorizes Ascentium Capital LLC to perform a verbal verification accepting the terms and conditions of the above-referenced Agreement and confirming the identification and condition of the Collateral or Equipment subject thereto.

The undersigned agrees that a facsimile or other image of this Authorization to Perform Verbal Verification, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

Person(s) Authorized to Provide Verbal Verification:

Name: _MARJAN MITEVSKI_  Title: _MANAGER_  Phone: _312 730 0455_

Name: _____  Title: _____  Phone: _____

Name: _____  Title: _____  Phone _____

**CUSTOMER: MARDON TRUCKING INC.**

Signature: _____

Printed Name: DONCO DONEV

Title: President    Date: _10-17-18_

251-20160830

FILED DATE: 10/6/2021 4:32 PM    2021L009892

FILED DATE: 10/6/2021 4:32 PM    2021L009892



**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**KNOW ALL MEN BY THESE PRESENTS:**

That the undersigned <u>MARDON TRUCKING INC.</u> being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| Manufacturer: | FREIGHTLINER |
| Model: | CASCADIA CA125SLP |
| Model Year: | 2014 |
| Type: | TITL - Over The Road (CL8) Local Haul |
| VIN or Serial Number: | 1FUJGLD52ELFL7669 |

does hereby irrevocably constitute and appoint <u>Ascentium Capital LLC</u>, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle. The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.

IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this __17__ day of _____OCTOBER_____, 20_18_

| | |
|---|---|
| Signed: | |
| Printed Name: | DONCO DONEV |
| Title: | President |

__3 - 21 - 1973__
(Date of birth)

(Drivers license number)

Sworn to (or affirmed) and subscribed before me this _17th_ day of _October_, 20_18_

(Seal)

"OFFICIAL SEAL"
KENT D KELLER
Notary Public - State of Illinois
My Commission Expires February 05, 2019

_Kent D. Keller_
(Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re: Agreement Number 2319975

2721-20180618

FILED DATE: 10/6/2021 4:32 PM    2021L009892



**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

I, <u>MARDON TRUCKING INC.,</u> hereby name and appoint
(Name of Purchaser)

An Agent of <u>Ascentium Capital LLC, **Decision Dynamics, Inc.** and/or **Precision Auto Title Service**</u> to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.
With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in-fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:**  2014
**Vehicle Make:**  FREIGHTLINER
**Vehicle Identification Number:**  1FUJGLD52ELFL7669

DONCO DONEV  (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this _17th_ day of _October_, 20_18_

(Seal)

*OFFICIAL SEAL*
**KENT D KELLER**
Notary Public - State of Illinois
My Commission Expires February 05, 2019

(Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re:  Agreement Number 2319975

2721-20180618

FILED DATE: 10/6/2021 4:32 PM   2021L009892

**VEHICLE OWNER:**
**OWNER NAME:** MARDON TRUCKING INC.
**OWNER ADDRESS:** 6325 JOLIET RD, COUNTRYSIDE, IL 60525

**POWER OF ATTORNEY GRANTED TO:**
**Full Legal Name: Decision Dynamics, Inc. and its respective employees (Linda Aulds, Joyella Bechtelheimer, Katie Colwell, Phillip Davis, Danielle Hutson, Eugenia Laymon, Sharon Owen, Kristin Patterson, Angie Shumpert, Glenda Smith, Tammy Webster)**
**Address: 1324 N. Lake Drive, Lexington, SC 29072**

**VEHICLE INFORMATION**
**VEHICLE MAKE:** FREIGHTLINER
**BODY TYPE:** CASCADIA CA125SLP
**MODEL YEAR:** 2014
**VIN #:** 1FUJGLD52ELFL7669

I/We, being the owner(s) of the motor vehicle described above, by these presents do make, constitute, and appoint the person named above true and lawful attorney-in-fact to sign in my/our name, place, and stead any Certificate of Title, or other supporting papers, covering said motor vehicle, in whatever manner necessary to register and/or transfer ownership of said motor vehicle; and I/we do hereby grant unto said attorney-in fact full authority and power to do and perform any and all other acts necessary or incidents to the execution of the powers herein expressly granted, as the grantor might or could do if personally present, with full power of substitution. I/We further certify and affirm that, to the best of our knowledge, all information presented in this form is true and correct, that, to the best of our knowledge, any documents I/we have presented to DMV are genuine, and that, to the best of our knowledge, the information included in all supporting documentation is true and accurate.

**OWNER SIGNATURE:** _____   **DATE:** _10 - 17 - 18_
DONCO DONEV

Sworn to (or affirmed) and subscribed before me this _17th_ day of _October_, 20_18_

(Seal)

```
"OFFICIAL SEAL"
KENT D KELLER
Notary Public - State of Illinois
My Commission Expires February 05, 2019
```

_____
(Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re: Agreement Number 2319975

2721-20180618



**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

FILED DATE: 10/6/2021 4:32 PM   2021L009892

**KNOW ALL MEN BY THESE PRESENTS:**

That the undersigned <u>MARDON TRUCKING INC.</u> being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| Manufacturer: | FREIGHTLINER |
| Model: | CASCADIA CA125SLP |
| Model Year: | 2014 |
| Type: | TITL - Over The Road (CL8) Local Haul |
| VIN or Serial Number: | 1FUJGLD52ELFL7610 |

does hereby irrevocably constitute and appoint <u>Ascentium Capital LLC</u>, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle. The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.

IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this 17 day of October, 2018.

| | |
|---|---|
| Signed: | |
| Printed Name: | DONCO DONEV |
| Title: | President |

3-21-1973
(Date of birth)

(Drivers license number)

Sworn to (or affirmed) and subscribed before me this 17Th day of October, 2018

(Seal)

**"OFFICIAL SEAL"**
**KENT D KELLER**
Notary Public - State of Illinois
My Commission Expires February 05, 2019

(Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re: Agreement Number 2319975

2721-20180618



**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

FILED DATE: 10/6/2021 4:32 PM    2021L009892

I, <u>MARDON TRUCKING INC.,</u> hereby name and appoint
(Name of Purchaser)

An Agent of <u>Ascentium Capital LLC, Decision Dynamics, Inc. and/or Precision Auto Title Service</u> to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf. My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.

With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:** 2014
**Vehicle Make:** FREIGHTLINER
**Vehicle Identification Number:** 1FUJGLD52ELFL7610

DONCO DONEV  (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this _17TH_ day of _October_, 20_18_

(Seal)

_Kat D. Keller_
(Signature of Notary)

"OFFICIAL SEAL"
KENT D KELLER
Notary Public - State of Illinois
My Commission Expires February 06, 2019

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re:  Agreement Number 2319975

2721-20180618

FILED DATE: 10/6/2021 4:32 PM   2021L009892

**VEHICLE OWNER:**
   **OWNER NAME:** MARDON TRUCKING INC.
   **OWNER ADDRESS:** 6325 JOLIET RD, COUNTRYSIDE, IL 60525

**POWER OF ATTORNEY GRANTED TO:**
   Full Legal Name: Decision Dynamics, Inc. and its respective employees (Linda Aulds, Joyella Bechtelheimer, Katie Colwell, Phillip Davis, Danielle Hutson, Eugenia Laymon, Sharon Owen, Kristin Patterson, Angie Shumpert, Glenda Smith, Tammy Webster)
   Address: 1324 N. Lake Drive, Lexington, SC 29072

**VEHICLE INFORMATION**
   **VEHICLE MAKE:** FREIGHTLINER
   **BODY TYPE:** CASCADIA CA125SLP
   **MODEL YEAR:** 2014
   **VIN #:** 1FUJGLD52ELFL7610

I/We, being the owner(s) of the motor vehicle described above, by these presents do make, constitute, and appoint the person named above true and lawful attorney-in-fact to sign in my/our name, place, and stead any Certificate of Title, or other supporting papers, covering said motor vehicle, in whatever manner necessary to register and/or transfer ownership of said motor vehicle; and I/we do hereby grant unto said attorney-in fact full authority and power to do and perform any and all other acts necessary or incidents to the execution of the powers herein expressly granted, as the grantor might or could do if personally present, with full power of substitution. I/We further certify and affirm that, to the best of our knowledge, all information presented in this form is true and correct, that, to the best of our knowledge, any documents I/we have presented to DMV are genuine, and that, to the best of our knowledge, the information included in all supporting documentation is true and accurate.

**OWNER SIGNATURE:** _____          **DATE:** _10-17-18_
                          DONCO DONEV

Sworn to (or affirmed) and subscribed before me this _17th_ day of _October_, 20_18_

(Seal)

```
"OFFICIAL SEAL"
KENT D KELLER
Notary Public - State of Illinois
My Commission Expires February 05, 2019
```
                                         _____
                                         (Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re: Agreement Number 2319975

2721-20180618



**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

FILED DATE: 10/6/2021 4:32 PM    2021L009892

**KNOW ALL MEN BY THESE PRESENTS:**

That the undersigned <u>MARDON TRUCKING INC.</u> being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| Manufacturer: | FREIGHTLINER |
| Model: | CASCADIA CA125SLP |
| Model Year: | 2014 |
| Type: | TITL - Over The Road (CL8) Long Haul |
| VIN or Serial Number: | 1FUJGLD53ELFL7616 |

does hereby irrevocably constitute and appoint <u>Ascentium Capital LLC</u>, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle. The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.

IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this _17th_ day of _October_, 20_18_.

|  |  |
|---|---|
| Signed: | |
| Printed Name: | DONCO DONEV |
| Title: | President |

_03/21/1973_
(Date of birth)

(Drivers license number)

Sworn to (or affirmed) and subscribed before me this _17th_ day of _October_, 20_18_.

(Seal)

_Knt D. Kelle_
(Signature of Notary)

*OFFICIAL SEAL*
KENT D KELLER
Notary Public - State of Illinois
My Commission Expires February 05, 2019

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re: Agreement Number 2319975

2721-20180618



**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

I, <u>MARDON TRUCKING INC.,</u> hereby name and appoint
(Name of Purchaser)

An Agent of <u>**Ascentium Capital LLC, Decision Dynamics, Inc. and/or Precision Auto Title Service**</u> to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.
With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:** 2014
**Vehicle Make:** FREIGHTLINER
**Vehicle Identification Number:**  1FUJGLD53ELFL7616

DONCO DONEV  (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this 17TH day of October , 2018

(Seal)

"OFFICIAL SEAL"
KENT D KELLER
Notary Public - State of Illinois
My Commission Expires February 05, 2019

(Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re:  Agreement Number 2319975

2721-20180618

FILED DATE: 10/6/2021 4:32 PM  2021L009892

FILED DATE: 10/6/2021 4:32 PM   2021L009892

**VEHICLE OWNER:**
**OWNER NAME:** MARDON TRUCKING INC.
**OWNER ADDRESS:** 6325 JOLIET RD, COUNTRYSIDE, IL 60525

**POWER OF ATTORNEY GRANTED TO:**
Full Legal Name: **Decision Dynamics, Inc. and its respective employees (Linda Aulds, Joyella Bechtelheimer, Katie Colwell, Phillip Davis, Danielle Hutson, Eugenia Laymon, Sharon Owen, Kristin Patterson, Angie Shumpert, Glenda Smith, Tammy Webster)**
Address: **1324 N. Lake Drive, Lexington, SC 29072**

**VEHICLE INFORMATION**
**VEHICLE MAKE:** FREIGHTLINER
**BODY TYPE:** CASCADIA CA125SLP
**MODEL YEAR:** 2014
**VIN #:** 1FUJGLD53ELFL7616

I/We, being the owner(s) of the motor vehicle described above, by these presents do make, constitute, and appoint the person named above true and lawful attorney-in-fact to sign in my/our name, place, and stead any Certificate of Title, or other supporting papers, covering said motor vehicle, in whatever manner necessary to register and/or transfer ownership of said motor vehicle; and I/we do hereby grant unto said attorney-in fact full authority and power to do and perform any and all other acts necessary or incidents to the execution of the powers herein expressly granted, as the grantor might or could do if personally present, with full power of substitution. I/We further certify and affirm that, to the best of our knowledge, all information presented in this form is true and correct, that, to the best of our knowledge, any documents I/we have presented to DMV are genuine, and that, to the best of our knowledge, the information included in all supporting documentation is true and accurate.

**OWNER SIGNATURE:** _(signature)_          **DATE:** _10-17-18_
                        DONCO DONEV

Sworn to (or affirmed) and subscribed before me this _17th_ day of _October_ , 20_18_

(Seal)

"OFFICIAL SEAL"
KENT D KELLER
Notary Public - State of Illinois
My Commission Expires February 05, 2019

_(signature)_
(Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

Re: Agreement Number 2319975

2721-20180618



**COMMENCEMENT AGREEMENT**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2319975**
Date: October 16, 2018

You, the Customer, and Ascentium Capital LLC ("we", "us", "our") have entered into the above referenced equipment lease, equipment finance agreement, secured loan or similar agreement (which may be one or more schedules to a master agreement) ("Agreement") pursuant to which we will be financing the Equipment or Collateral as defined in and described in the Agreement (in either case "Equipment") as set forth in this Commencement Agreement ("CA"). The Equipment is being delivered at various times and the vendor or vendors of the Equipment have to be paid for each item of Equipment at or before its delivery to you. You agree to commence the initial non-cancelable term of the Agreement immediately even though items of Equipment remain to be delivered to and accepted by you from one or more vendors.

**NOW THEREFOR, you and we hereby agree as follows:**

1. The term of the Agreement will commence on the date of this CA, with the interim term commencing on the date set forth above and the initial term commencing as provided in the Agreement. You acknowledge and agree that notwithstanding the fact that not all items of Equipment have been delivered to and accepted by you as of the date set forth above, the terms and conditions of the Agreement, including your obligation to pay all amounts of rent or debt service set forth in the Agreement, shall commence immediately and, except as otherwise specifically set forth in this CA, irrevocably.

2. You agree to inspect and accept for purposes of the Agreement all undelivered items of Equipment immediately upon their delivery to you. If, when delivered, an item of Equipment is damaged or non-conforming, you agree to cause the vendor in question to repair and/or replace any such item of Equipment and you agree to immediately accept any conforming replacement and/or repaired Equipment for all purposes under the Agreement while continuing to meet all of your payment and other obligations under the Agreement.

3. All amounts anticipated to be disbursed by us on your behalf that have not been disbursed as of the date of this CA will be deemed disbursed by us into a separate holding account for your benefit ("Account"), the contents of which shall be debited by the amount of each subsequent disbursement to vendor(s) as contemplated by this CA. To secure your obligations to us under the Agreement and this CA, you hereby grant to us a security interest in the contents of the Account and any proceeds.

4. The Agreement contemplates a pro-rata adjustment to the payments owed by you under the Agreement in the event the purchase price of the Equipment and other amounts, if any, paid by us on your behalf are higher or lower than those on which the payments set forth in the Agreement are based. Following the delivery and acceptance of all items of Equipment set forth in the Agreement, we shall make any necessary adjustments to the payments as contemplated by the Agreement. You agree that we will have no liability to you in the event we determine to terminate the funding of any vendor because we have determined, in our sole discretion, that there has been a material adverse change in your creditworthiness from that on which we based our approval of the Agreement. In any circumstance contemplated by the preceding sentence, we will continue the Agreement with the Equipment accepted by you and funded by us as of the date we determine to terminate funding the Agreement and we will reduce the amount of each payment of rent or debt service you owe under the Agreement proportionally, taking into account the higher payments made by you up to the date of that determination and any balance in the Account shall revert to us.

5. This CA sets forth the entire agreement of the parties with respect to its subject matter and it may only be amended by a written instrument executed by you and us. In the event of a conflict between this CA and the terms of the Agreement, the terms of this CA shall govern and control, provided however, except as explicitly set forth in Section 4 above, nothing set forth in this CA shall be deemed to affect your obligation to pay and perform all of your obligations as set forth in the Agreement without setoff, abatement or counterclaim. This CA shall terminate and be of no further force and effect following your acceptance and our funding of the last item of Equipment being financed under the Agreement. This CA will be governed by and construed in accordance with the laws of the jurisdiction governing the Agreement.

You agree that a facsimile or other copy of this CA, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

| CUSTOMER: | MARDON TRUCKING INC. | SECURED PARTY: | Ascentium Capital LLC |
|---|---|---|---|
| Signature: | ☒ | By: | |
| Printed Name: | DONCO DONEV. | Printed Name: | Bryan Wheeler |
| Title: | President | Title: | Senior Vice President |

FILED DATE: 10/6/2021 4:32 PM    2021L009892

FILED DATE: 10/6/2021 4:32 PM    2021L009892



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2319975

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Mardon Trucking Inc.,  having offices located at 6325 JOLIET RD STE 200  , COUNTRYSIDE, IL 605253991 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and

WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.  Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
    a.  **Beginning 4/10/20, 3 payments of $19.00**
    b.  **Beginning 7/10/20, 30 payments of $2,347.89,** due on or before the due date each month;

2.  Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect.  In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled.  You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Mardon Trucking Inc. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By:  ☒ | *(signature)* | By: | *(signature)* |
| Printed Name: | DONCO DONEV | Printed Name: | Dan Bocash |
| Title: | PRESIDENT | Title: | SVP-Client Relations |

2946-20200319

# EXHIBIT F

FILED DATE: 10/6/2021 4:32 PM   2021L009892

# BILL OF SALE

| Date | Invoice # |
|---|---|
| 10/15/18 | 15102018NB |



## Silver Leasing Inc.

**725 SPRING STREET**
**ELIZABETH, NJ 07201**
**Tel. +1 347-492-4340**
**FAX +1 347-492-4339**

Bill To

**Mardon Trucking, inc.**
**6325 Joliet rd**
**Countryside, IL 60525**

**WIRE TRANSFER INSTRUCTIONS:**
**TD BANK**

SWIFT: ████████S33
ABA: ████████673
Account: ████████977

| Item Code | Description | Price Each | Quantity | Amount |
|---|---|---|---|---|
| 2014 Freightliner Cascadia | VIN 1FUJGLD53ELFL7616    705K FOB MN | 32,000.00 | 1 | 32,000.00 |
| 2014 Freightliner Cascadia | VIN 1FUJGLD52ELFL7610    722K FOB AL | 32,000.00 | 1 | 32,000.00 |
| 2014 Freightliner Cascadia | VIN 1FUJGLD52ELFL7669    755K FOB AL | 32,000.00 | 1 | 32,000.00 |
| Paperwork | Documentation, bank, office fees, mail | 195.00 | 1 | 195.00 |
| Deposit | Request  $1K x 3 = $3K | | | |
| | 2014 Freightliner Cascadia sleeper, Detroit DD15 455HP, 10 spd manual Double bunk | | | |

| Total | | | | $96,195.00 |
|---|---|---|---|---|

The Purchaser hereby agrees to purchase and accept the above mentioned truck(s) or trailer(s) in their present "as is" condition. The seller makes no warranty of merchantability in respect to the truck(s) or trailer(s) sold hereunder; in addition, the seller makes no warranty that the truck(s) sold hereunder are fit for any particular purpose. Purchaser affirmatively represents that the vehicle(s) described herein is being purchased without any express or implied warranties, whether oral or written, by any employee, agent or representative of seller, as to the accuracy of the odometer reading. This sale is final, and there will be no returns for any reason whatsoever.

After careful inspection and demonstration, deposit will be refunded within 1 (one) business day, unless the equipment does not match the description on the invoice. If this sale is not completed in 7 (seven) days, the vehicle will be resold and the deposit will be forfeited as liquidated damages. This writing is intended by the parties as a final expression of the agreement for sale of the above-mentioned truck(s) or trailer(s), and as a complete. Additional cost for any break downs happen during logistics services will be applied to customer invoice.
By sending a wire transfer I agree to the terms and conditions above.

# EXHIBIT G

FILED DATE: 10/6/2021 4:32 PM    2021L009892

# CERTIFICATE OF TITLE OF A VEHICLE

STATE OF ILLINOIS

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1FUJGLD52ELFL7669 | 2014 | FREIGHTLINER | CASCADIA 125 | TRUCK | 18325697524 |

1FUJGLD52ELFL7669

| | | | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| | ODOMETER | CCM | | 10/15/18 | ORIGINAL |
| DATE ISSUED | | | | USED | |
| 11/21/18 | | | | | |

LEGEND(S)

MAILING ADDRESS

MILEAGE NOT REQUIRED

ASCENTIUM CAPITAL LLC
23970 HIGHWAY 59 N
KINGWOOD TX 77339-1535

OWNER(S) NAME AND ADDRESS
MARDON TRUCKING INC
6325 JOLIET RD STE 200
COUNTRYSIDE IL 60525



FIRST LIENHOLDER NAME AND ADDRESS
ASCENTIUM CAPITAL LLC
23970 HIGHWAY 59 N
KINGWOOD TX 77339-1535

2319975

SECOND LIENHOLDER NAME AND ADDRESS

## RELEASE OF LIEN

The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

By _____ Signature of Authorized Agent _____ Date _____

Firm Name

By _____ Signature of Authorized Agent _____ Date _____

Firm Name

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.

Secured Party: _____ Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprison

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
    WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commer
vehicles owned by me, I certify also that the veh
is not damaged in excess of 33 1/3% of its
market value unless this document is accompa
by a salvage application."

NO
TENTHS

ODOMETER READING

Signature(s) of Seller(s)

Printed Name(s) of Seller(s)

DATE OF SALE _____

I am aware of the above odometer certification made by seller.

Signature(s) of Buyer(s) _____ Printed Name _____



I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the
records on file with my Office, the person or entity named hereon is the owner of the vehicle
described hereon, which is subject to the above named liens and encumbrances, if any
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF
THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.

R0718297

Jesse White

JESSE WHITE, Secretary of State

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

Street    City    State    Zip

ODOMETER READING    NO TENTHS

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Dealer's Name    Dealer No.

I am aware of the above odometer certification made by the seller/agent.

Agent's Signature    Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

Street    City    State    Zip

ODOMETER READING    NO TENTHS

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Dealer's Name    Dealer No.

I am aware of the above odometer certification made by the seller/agent.

Agent's Signature    Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

Street    City    State    Zip

ODOMETER READING    NO TENTHS

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Dealer's Name    Dealer No.

I am aware of the above odometer certification made by the seller/agent.

Agent's Signature    Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

Street    City    State    Zip

ODOMETER READING    NO TENTHS

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Dealer's Name    Dealer No.

I am aware of the above odometer certification made by the seller/agent.

Agent's Signature    Printed Name (same as signature)

Signature of Buyer/Agent    Printed Name (same as signature)

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

Street    City    State    Zip

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

NO TENTHS

Dealer's Name    Dealer No.

Printed Name (same as signature)